1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

9  Daniel Lee Baker,                          No. CV 11-0542-TUC-JGZ (BPV)

10              Petitioner,                    **REPORT AND**
                                               **RECOMMENDATION**
11  vs.

12  Charles L Ryan, et al.,

13              Respondents.

14

15      On August 29, 2011, Petitioner, Daniel Lee Baker, an inmate confined in the

16
    Arizona State Prison in Phoenix, Arizona, filed a *pro se* Petition for Writ of Habeas
17
    Corpus by a Person in State Custody, pursuant to Title 28, U.S.C. § 2254. (Doc. 1)[1]
18
19  Respondents have filed an answer to the petition (Answer) with exhibits A through FF

20  attached. (Doc. 13-14). Petitioner filed a reply (Reply) with exhibits A through V

21
    attached. (Doc. 17).
22

23      Pursuant to the Rules of Practice of this Court, this matter was referred to

24  Magistrate Judge Bernardo P. Velasco for a Report and Recommendation.

25
        For the reasons discussed below, the Magistrate Judge recommends that the
26

27  _____

28      [1] "Doc." refers to the documents in this Court's file.

District Court enter an order DISMISSING the Petition as untimely.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Conviction, Sentencing and Appeal

Petitioner was convicted in Pima County Superior Court (CR 2004-2647) after a jury trial of aggravated driving while under the influence of an intoxicant (DUI) with a suspended, revoked or restricted license; aggravated driving with an alcohol concentration (AC) of .08 or greater with a suspended, revoked or restricted license; aggravated DUI having two or more prior DUI convictions within the preceding sixty months; and aggravated driving with an AC of .08 or greater having two or more prior DUI convictions within the preceding sixty months; and criminal damage. (Doc. 13, Ex. A, ¶ 1). The trial court found Baker had six prior felony convictions for sentence enhancement purposes, and, on February 28, 2005, sentenced Baker to concurrent, enhanced, presumptive prison terms of ten years for the DUI convictions and five years for the criminal damage conviction.[2] (Doc. 13, Ex. A, ¶ 2; Ex. B ).

### B.   Appeal

Baker, through counsel filed an apparently timely notice and subsequent appellate brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) requesting leave to file a *pro se* supplement. (Doc. 13, Ex. E). Petitioner filed a *pro se* supplemental brief raising seven

---

[2] Baker was separately sentenced in Pima County Superior Court in two separate criminal actions, CR 2004-0490 and CR 2004-0488. Petitioner's sentence in CR 2004-2647 was ordered to be served concurrently with the sentences imposed in CR 2004-0490 but consecutively to the 4.5 year terms in CR 2004-0488. (Doc. 13, Ex B, C, D) Petitioner's total sentence on all three case numbers is 14.5 years in prison. Case number CR 2004-0488 is the subject of a federal habeas petition previously filed with this court. (CV 11-370-TUC-JGZ)

issues: (1) that his "indictment was not a true bill as no grand jury convened rendering the direct indictment and all charges void as fraudulent," (2) that "his constitutional right to fair and impartial jury trial" had been violated, (3) that he was denied his alleged constitutional right to a preliminary hearing, (4) that he was denied his alleged constitutional right to a mental examination for a determination of competency to stand trial, (5) that he was denied his constitutional right to a jury trial on his prior convictions, (6) that the State lacked subject matter jurisdiction because the offense allegedly occurred on federal land, and (7) that his sentence for "'crimes of violence'" violated his constitutional rights. (Doc. 13, Ex. F). On February 15, 2007, the Arizona Court of Appeals affirmed Baker's conviction and sentence in an unpublished memorandum decision. (Doc. 13, Ex. A). No Petition for review was filed. (Doc. 13, Ex. G).

C.      Petition for Post-Conviction Relief

On April 19, 2007, Baker filed a notice of post-conviction relief. (Doc. 13, Ex. H). On June 15, 2008, Counsel filed a notice in lieu of petition for post-conviction relief, notifying the court that, having reviewed the record and transcripts, counsel believed that no good faith basis in fact and/or law for post-conviction relief existed, and requested leave of the court for Petitioner to file a *pro se* petition. (Doc. 13, Ex. I). Baker filed a petition on June 8, 2009, asserting a claim of newly-discovered evidence, claiming that trial counsel was ineffective in failing to have his competence to stand trial evaluated under Arizona Rule of Criminal Procedure 11 and in failing to request a mitigation hearing. (Doc. 13, Ex. N). The trial court dismissed the petition without a hearing, finding that Petitioner had failed to assert colorable claims of ineffective assistance of counsel

and newly-discovered evidence and that claims that his conviction and sentence were in violation of the United States Constitution were precluded under Rule 32.2(a), having already been raised on appeal. (Doc. 13, Ex. O). Petitioner filed a timely Petition for Review in the Arizona Court of Appeals, challenging the trial court's denial of his Rule 32 petition. (Doc. 13, Ex. P, Q, R). The appellate court granted review but denied relief on March 26, 2010. (Doc. 13, Ex. S). Petitioner did not seek further review in the Arizona Supreme Court, and the mandate issued on May 14, 2010. (Doc. 13, Ex. T).

D.    State Petition for Writ of Habeas Corpus

On March 10, 2010, Baker submitted for mailing a state petition for writ of habeas corpus. (Doc. 13, Ex. U). Baker claimed that the State had destroyed his legal materials, resulting in a denial of access to legal resources, preventing him from meaningful pursuit of appeals and post-conviction relief. (Doc. 13, Ex. U). After the trial court's denial of state habeas relief, the Arizona Court of Appeals consolidated Baker's petition for review, submitted on September 9, 2010, (Doc. 14, Ex. Z).[3] with a petition for review from his state habeas proceedings in Pima County case number CR 2004–0488. (Doc. 13, Ex. V at ¶ 1). The appellate court concluded that it lacked subject matter jurisdiction because Petitioner's appellate pleadings were not timely filed. (*Id.* at ¶¶ 6–9). A petition for review filed with the Arizona Supreme Court was denied without comment on July 20, 2011. (Doc. 13, Ex. Y, FF)

Petitioner asserts that a petition for writ of habeas corpus was also filed separately

---

[3] Arizona Court of Appeals Cause Number 2 CA-CR-2010-0298.

1    in the Arizona Supreme Court. (*See* Doc. 17, at 6-7, lns. 27-2)[4]

2           E.    Federal Proceedings

3           On February 17, 2009, when Petitioner's first Rule 32 proceeding was pending in

4    state court, Petitioner filed a federal habeas corpus petition raising four claims in relation

5    to his convictions in CR 2004–0488, CR 2004–0490, and CR 2004–2647. (CV 09-00333-

6    PHX-SMM, Doc. 1). The Court screened the petition, and, upon screening, dismissed

7    three of Petitioner's four grounds for relief as improperly asserted civil rights claims. (*Id.*,

8    Doc. 7). Accepting the Magistrate Judge's Report and Recommendation (*Id.*, Doc. 21),

9
10   the Court construed the entire Petition as a civil rights complaint, which it dismissed on

11   August 10, 2010, with prejudice, for failure to state a claim. (*Id.*, Docs 22 and 23).

12          On March 15, 2010, Petitioner filed another federal habeas corpus petition, this

13
14   time raising eight claims in relation to his convictions and sentences in CR 2004–0488.

15   (CV 10-00157-TUC-CKJ (BPV), Doc. 1). Petitioner subsequently moved to dismiss the

16
17   petition without prejudice so that he could pursue the state habeas corpus petition that he

18   had submitted on March 10, 2010; the District Court granted the motion on July 22, 2010.

19   (*Id.*, Docs. 16-18). Petitioner's subsequent federal habeas corpus petition challenging his

20
21   convictions and sentences in Pima County cause number CR 2004–0488, filed on June

22   22, 2011, was dismissed by the District Court on June 12, 2012. (CV 11-00370-TUC–

23
24   JGZ (BPV), Doc. 20)

25          On June 18, 2010, Petitioner filed a federal habeas corpus petition challenging his

26   convictions and sentences in Pima County cause number CR 2004–0490. (CV 10–00372–

27
28          [4] Referring to Arizona Supreme Court cause number HC-11-0016.

- 5 -

TUC-CKJ (BPV), Doc. 1). On June 30, 2010, this Court granted Petitioner's motion to dismiss that petition without prejudice so that he could exhaust state proceedings. (Id, Docs. 10–11). Petitioner does not have pleadings pending before this Court arising from Pima County cause number CR 2004–0490.

On August 29, 2011, after the Arizona Court of Appeals had rendered its memorandum decision declining jurisdiction in Petitioner's state habeas corpus proceeding and after the Arizona Supreme Court's denial of review, Petitioner filed the federal habeas corpus petition at issue in the instant proceeding. (Doc. 1)

Petitioner raises 12 grounds for relief in the Petition:

(1)      Petitioner is actually innocent of the charges against him and received ineffective assistance of counsel in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments;

(2)      The grand jury indictment violated Petitioner's Fifth, Sixth, Eighth, and Fourteenth Amendment rights;

(3)      Petitioner was denied a fair trial in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments;

(4)      Petitioner's Fifth, Sixth, Eighth, and Fourteenth Amendment due process and equal protection rights, and his right to be free from cruel and unusual punishment were violated;

(5)      Petitioner was denied a preliminary examination for a determination of mental competency, in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments;

(6)      A jury did not hear or decide upon the issue of Petitioner's prior convictions, in

1

violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments;

2

(7)   The state court lacked jurisdiction over Petitioner's criminal proceedings, in

3

violation of the Fifth, Sixth, Eighth and Fourteenth Amendments;

4

5

(8)   Petitioner's sentence ran afoul of federal law and contrary to federal precedents, in

6

violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments;

7

(9)   Petitioner's Fifth, Sixth, Eighth, and Fourteenth Amendment rights were violated

8

when the trial court erred in denying his post-conviction relief petition;

9

10

(10)   Petitioner's right to redress of grievances and due process rights were violated

11

when the Arizona Department of Corrections lost 7,000 of Petitioner's 10,000

12

legal papers and effects while Petitioner was in the process of appealing his

13

conviction;

14

15

(11)   The trial court sentenced Petitioner in an illegal and unconstitutional manner, in

16

violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments; and

17

(12)   Petitioner's right to redress of grievances and due process rights were denied when

18

19

Petitioner's legal property was lost.

20

**II.   DISCUSSION**

21

A.   Standard of Review

22

23

Because Baker filed his petition after April 24, 1996, this case is governed by the

24

Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d) ("AEDPA").

25

B.   Timeliness

26

27

A one year period of limitation shall apply to an application for writ of habeas

28

1
2
corpus by a person in custody[5] pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1).

3
4
5
6
7
8
9
10
The running of this one-year statute of limitations on habeas petitions for state convictions is tolled during any period when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in any state court. *See* 28 U.S.C. § 2244(d)(2). Thus, the statute of limitations is tolled during the pendency of a state court action for post-conviction relief. 28 U.S.C. § 2244(d)(2).

11
12
13
14
15
16
17
18
19
20
An application contemplated by section 2244(d)(2) is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). The United States Supreme Court has held that untimely state post-conviction petitions are not "properly filed" under AEDPA, and do not toll AEDPA's statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

21
22
23
24
The Ninth Circuit recognizes that the AEDPA's limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled, in part,

25
26
27
[5] For purposes of the in-custody requirement, when a habeas petitioner is serving consecutive sentences, the sentences are viewed "as composing a continuous stream." *Garlotte v. Fordice*, 515 U.S. 39, 41 (1995). Therefore, Baker is considered in custody pursuant to all of his sentences until they all are completed.

28

1  on other grounds by, *Calderon v. United States Dist. Ct. (Kelly),* 163 F.3d 530, 540 (9th

2  Cir. 1998). Tolling is appropriate when "extraordinary circumstances beyond a prisoner's

3  control make it impossible to file a petition on time." *Id.*; *see also, Miranda v. Castro*,

4  292 F.3d 1063, 1067 (9th Cir. 2002)(stating that "the threshold necessary to trigger

5  equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.")

6

7  (citations omitted); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

8                  C.    <u>Analysis</u>

9

10         The Magistrate Judge finds that, pursuant to the AEDPA, the Petition filed in this

11  Court is untimely. Baker had until one year after his conviction and sentence became

12  final to file his federal petition.

13

14                 *1.    Limitation Period Under § 2244(d)(1)(A)*

15         Petitioner's conviction and sentence became final on March 19, 2007[6], thirty (30)

16  days after the Arizona Court of Appeals affirmed his conviction and sentence on

17  February 15, 2007, when the time for filing a petition for review to the Arizona Supreme

18

19  Court expired. *See* 28 U.S.C. § 2244(d)(1)(A) (federal habeas petition must be filed

20  within one year from the "date on which the judgment became final by the conclusion of

21  direct review or the expiration of the time for seeking such review"); Ariz.R.Crim.P.

22  31.19(a)(if no motion for reconsideration has been filed, petition for review to Arizona

23

24  Supreme Court must be filed within 30 days after the Court of Appeals issues its

25

26

27       [6] *See* Ariz.R.Crim.P. 1.3(a) (in computing a period of time prescribed by the criminal rules, if the last day of the period is a Saturday, Sunday or legal holiday, the

28  period shall run until the end of the next day which is neither a Saturday, Sunday nor a legal holiday).

1   decision)(*Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001)(judgment becomes

2   final either by the conclusion of direct review by the highest court, including the United

3   States Supreme Court, or by the expiration of the time to seek such review). Accordingly,

4   Petitioner was required to file his petition for writ of habeas corpus within 1 year of the

5   date his convictions became final, *i.e.*, one year from March 19, 2007, absent statutory

6   tolling.

7   

8                    *2.      Statutory Tolling*

9                        i.      **Petition for Post-Conviction Relief**

10  

11         The limitations period was tolled immediately, however, by the pendency of

12  Petitioner's state petition for post-conviction relief. *See* 28 U.S.C. § 2244(d)(2). There

13  was no gap between the conclusion of direct review, and Baker's properly filed notice of

14  petition for post-conviction review. *See Isley v. Arizona Dept. of Corrections*, 383 F.3d

15  1054 (9th Cir. 2004)(State petition is "pending" within the meaning of 28 U.S.C. §

16  2244(d)(2) when properly filed notice of post-conviction relief is filed). Thus, the issue is

17  not when direct review became final under § 2244(d)(1)(A), rather, this Court must

18  determine how long Baker's petition for post-conviction relief was "pending" for

19  purposes of tolling the limitations period pursuant to § 2244(d)(2). The undersigned finds

20  that Baker's petition for post-conviction relief was "pending" for purpose of tolling the

21  limitations period pursuant to 2244(d)(2) until the mandate was issued on May 14, 2010,

22  and thus the limitations period commenced on May 15, 2010. Though Petitioner argues

23  that Respondent's assertion that Petitioner did not file a petition for review in the Arizona

24  Supreme Court is "patently incorrect" (Reply, Doc. 17, at 4), Petitioner seems to be

25  

26  

27  

28

asserting that the corrected mandate, issued on December 27, 2011, declaring that "no petition for review was filed and the time for such has expired" is somehow suspect in the length of time it took between issuance of the memorandum decision and the issuance of the corrected mandate. This argument is irrelevant, however, because the corrected mandate reflected that no petition for review with the Arizona Supreme Court was filed following the court of appeals decision on direct review, not the court of appeals decision on Baker's petition for post-conviction relief. (See Doc. 13, Ex. G). Additionally, though Petitioner seems to imply that there is some impropriety in the issuance of the corrected mandate, Petitioner has failed to demonstrate that, in fact, a petition for review to the Arizona Supreme Court was filed from either the appellate court's decision on direct review, or on his petition for post-conviction relief. Finally, Baker concedes that the collateral review proceedings concluded with the issuance of the mandate on May 14, 2010. (*See* Doc. 17, at 5, ln. 21). Accordingly, Baker's federal petition was due one year following the commencement of the limitations period on May 15, 2010, or **May 15, 2011**.

Baker argues that his collateral review proceedings remained pending during the ninety-day period during which he could have filed a petition for a writ of certiorari in the United States Supreme Court. (Doc. 17, at 5). This argument is foreclosed by the Supreme Court's decision in *Lawrence v. Florida*, 549 U.S. 327 (2007). In that case, the Court held that AEDPA's limitations period is statutorily tolled "only while *state* courts review [a petitioner's] application [for post-conviction relief]." *See id*. at 332 (emphasis added). Because "[a petition for certiorari before the Supreme Court] is not a part of a

'State's post-conviction procedures,' " § 2244(d)(2) does not toll AEDPA's limitations period during the pendency of such a petition. *See id*. (quoting 28 U.S.C. § 2244(d)(2)).

### i.   Federal Civil Rights Complaints

Petitioner asserts that the limitations period should be tolled during the pendency of a civil rights claim filed in federal court in February, 2007 (Doc. 17, at 5-6, lns. 26-10). A civil complaint does not statutorily toll the limitations period. Moreover, even a federal petition for habeas relief cannot not toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2). The limitations period is tolled only for the pursuit of state remedies, and not during the pendency of applications for federal review, no matter what form of review is sought. 28 U.S.C. § 2244(d)(2); *Duncan v. Walker*, 533 U.S. 167 (2001). Finally, even if the Court considered this a tolling event, Petitioner concedes that the case was resolved prior to the commencement of the limitations period, and thus would not toll the limitations period. (*See* Doc. 17, at 6, ln. 4)

Petitioner also asserts that the petition for writ of habeas corpus, filed in the Phoenix Division of the Arizona District Court, tolled the limitations period until its dismissal on August 10, 2010. This petition was ultimately construed as a civil rights complaint, and as explained above, could not toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2); *Duncan*, 533 U.S. 167.

### ii.   Federal Petitions for Writ of Habeas Corpus

Petitioner's federal petitions for writ of habeas corpus (CV 10-157-TUC-CKJ (BPV; CV 10-0372-TUC-CKJ (BPV)). could not toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2). The limitations period is tolled only for the pursuit of state

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

remedies, and not during the pendency of applications for federal review. 28 U.S.C. § 2244(d)(2); *Duncan v. Walker*, 533 U.S. 167 (2001). Additionally, the instant habeas petition does not "relate back" to either of the federal habeas petitions, arguably timely filed, and render the instant petition timely filed. First, the subject matter of the two previously filed federal petitions was Petitioner's other convictions in state court, CR 2004-0488, and CR 2004-0490, not the state conviction currently presented for review in this habeas petition, CV 2004-2647. Second, both petitions were voluntarily dismissed by Petitioner in order to allow Petitioner to exhaust his state remedies. A second habeas petition does not relate back to a first habeas petition when the first habeas petition has been dismissed for failure to exhaust. *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (when first petition was voluntarily dismissed, there was no pending petition to which the new petition could relate back or amend); *Dils v. Small*, 260 F.3d 984, 986 (9th Cir. 2001)(when first petition is no longer pending, there is no petition to relate back to).

### iii.    State Petitions for Writ of Habeas Corpus

Petitioner's first state petition for writ of habeas corpus was dismissed by the trial court on July 8, 2010. (*See* Ex. A to Petition for Review, Doc. 14, Ex. Z). The trial court construed the petition as a special action, and declined to accept jurisdiction. (*Id.*). The trial court denied a motion for reconsideration on August 9, 2010. (*See* Ex. B to Petition for Review, Doc. 14, Ex. Z). Because the court did not accept jurisdiction over the petition, it was not a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim," and does not toll the limitations period.

- 13 -

Petitioner's failure to timely file a notice of appeal divested the Arizona Court of Appeals of jurisdiction to consider any appeal from the trial court's denial of Petitioner's state habeas corpus petition. It is established that, in Arizona, a timely notice of appeal is essential to vest the appellate court with jurisdiction to consider the appeal. *See Lount v. Strouss*, 63 Ariz. 323, 326 (1945) (appellate court is without jurisdiction to consider appeal that is not pursued in the "time and manner provided by law"); *Edwards v. Young*, 107 Ariz. 283, 284 (1971) ("It is settled in Arizona that the perfecting of an appeal within the time prescribed is jurisdictional; and, hence, where the appeal is not timely filed, the appellate court acquires no jurisdiction other than to dismiss the attempted appeal"); *James v. State*, 215 Ariz. 182, 185, ¶ 11, (App. 2007).

Furthermore, none of Petitioner's post-denial filings operated to vest the Arizona Court of Appeals with jurisdiction to entertain his purported appeal. (Ex. AA-CC). Petitioner filed an untimely motion for rehearing from the trial court's denial of state habeas relief, (Doc. 14, Ex. BB), which the Arizona Court of Appeals properly found did not operate to extend the July 18, 2010, deadline for filing a notice of appeal. (Exhibit V, at ¶ 8). *See* Ariz. R. Civ. App. P. 9(b) (setting forth types of motions that can extend the time in which to file a notice of appeal). Similarly, on September 9, 2010, Petitioner filed a petition for review with the Arizona Court of Appeals, (Doc. 13, Ex. Z), but, because the Arizona Court of Appeals lacked jurisdiction to consider Petitioner's time-barred appeal, it likewise lacked discretionary jurisdiction over Baker's petition for review. *See State ex rel. Neely v. Rodriguez*, 165 Ariz. 74, 77 (1990) (holding that, because the Arizona court of appeals has discretionary jurisdiction "only in matters that it might

1
2
properly consider in an appeal," the lack of subject matter jurisdiction over an appeal that is time-barred also forecloses discretionary jurisdiction).

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
        Neither did Baker's petition for review, filed with the Arizona Supreme Court on March 7, 2011[7], operate to retroactively vest the Arizona Court of Appeals with jurisdiction over his time-barred appeal or to otherwise toll the period of time in which that defunct appeal was "pending." Additionally, though the factual statements provided in Petitioner's reply are incomplete and unclear, it appears that another petition for writ of habeas corpus was filed with the Arizona Supreme Court[8], however, because the petition contained the same matter as the subject of a petition for review already pending in the Arizona Supreme Court, the court dismissed the petition for writ of habeas corpus on April 19, 2011. (*See* Doc. 17, Ex. 1). Petitioner states that this petition for writ of habeas corpus was filed on March 3, 2011, thus, even according to Petitioner's statements, this petition, filed even later than the first petition for review, (Arizona Supreme Court cause number HC CR-11-0061), and "designed to complement the Petition for Review" in cause number HC CR-11-0061," could not vest the Supreme Court with jurisdiction because the substance of this second petition was duplicative to the first petition and filed later than the first petition, which the appellate courts lacked jurisdiction to review. On July 20, 2011, the Arizona Supreme Court issued only a summary, unexplained denial of review of the petition for review. (Doc. 14, Ex. Y). The

26
27
28
_____

    [7] Arizona Supreme Court cause number HC-11-0061.

    [8] Arizona Supreme Court cause number HC-11-0004. (See Petitioner's Reply, Doc. 17, at Ex. I)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Arizona Court of Appeals' January 7, 2011, memorandum decision in which it concluded it lacked jurisdiction over Petitioner's time-barred "appeal" therefore was the last reasoned opinion on the matter, and it is to be presumed that the Arizona Supreme Court's summary denial did not "silently disregard" that jurisdictional bar. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) (federal habeas court presumes that a state appellate court summary denial of review incorporates the last-reasoned state court opinion on the matter); *Bonner v. Carey*, 425 F.3d 1145, 1148 n. 13 (9th Cir. 2005) (applying *Ylst's* last-reasoned opinion framework to state appellate courts' summary denials of review and finding, based on trial court's finding of untimeliness, that appellate courts likewise found untimeliness). Petitioner cannot overcome this presumption, particularly in light of established Arizona law that the failure to timely file a notice of appeal divests the appellate courts of jurisdiction over the appeal. And third, the petitioner in *Pace* likewise unsuccessfully sought state appellate review of the lower state court's finding of untimeliness. *Pace*, 544 U.S. at 411. *Pace* nonetheless held that, because of the initial untimeliness, no portion of the state-court proceeding—including the time in which the petitioner sought review—was entitled to statutory tolling. 544 U.S. at 416–17. Because Petitioner's attempt to seek review with the Arizona Court of Appeals was rejected as untimely, that appeal was not "properly filed" for AEDPA limitations purposes and it therefore did not toll the limitations period. *Pace*, 544 U.S. at 414, 417. *See Allen v. Siebert*, 552 U.S. 3, 4–5 (2007)("Because Siebert's petition for state postconviction relief was rejected as untimely by the Alabama courts, it was not "properly filed" under § 2244(d)(2). Accordingly, he was not entitled to tolling of

AEDPA's 1-year statute of limitations"); *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (time in which a state post-conviction relief proceeding tolls the AEDPA limitations period includes "the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law") (emphasis in original); *Pace*, 544 U.S. at 417 (time limits, "no matter their form," are "'filing' conditions," with which noncompliance forecloses statutory tolling).

On habeas review, federal courts have no license to second-guess state-court determinations regarding the timeliness of a §2254 petitioner's state-court pleadings under that forum's procedural rules. *See Siebert*, 552 U.S. at 7; *Carey v. Saffold*, 536 U.S. 214, 226 (2002); *White v. Martel*, 601 F.3d 882, 884 (9th Cir. 2010); *Zepeda v. Walker*, 581 F.3d 1013, 1018 (9th Cir. 2009).[9] As the Supreme Court observed, "it is not the province of a federal habeas court to reexamine state court determinations of state law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

The undersigned finds that Baker's petition for post-conviction relief was "pending" for purpose of tolling the limitations period pursuant to 2244(d)(2) until the mandate was issued on May 14, 2010, and no events thereafter occurred to statutorily toll the limitations period. Accordingly, Petitioner was required to file his federal petition for writ of habeas corpus within the 1-year period of limitations, with no exclusions in this

---

[9] That a federal court may not second-guess the state court's determination of the timeliness of a §2254 petitioner's state-court filing is the logical extension of precedent overwhelmingly recognizing that "[f]ederal habeas courts lack jurisdiction … to review state court applications of state procedural rules." *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1998); *see also Walton v. Arizona*, 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law), overruled on other grounds by *Ring v. Arizona*, 536 U.S. 584, 609 (2002); *see also Bell v. Cone*, 543 U.S. 447, 455 (2005) (a federal court may not lightly presume "that a state court failed to apply its own law").

case for tolling, or by **May 15, 2011**.  Baker's petition was filed in federal court on **August 29, 2011**. Petitioner did not file his federal petition for writ of habeas corpus within the 1-year statute of limitations. Unless there is a basis for equitably tolling the limitations period, Petitioner's habeas petition is untimely.

### 2.   *Equitable Tolling*

"When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). The extraordinary circumstances requirement is a "high hurdle," *see Calderon (Beeler)*, 128 F.3d at 1289, and policy considerations counsel against equitable tolling. *Mohasco Corp. v. Silver*, 447 U.S. 807 (1980). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007). Baker asserts that he is entitled to equitable tolling because of the destruction of his legal property by a state agency. Baker also contends that he is entitled to equitable tolling for the period during which Petitioner was pursuing his state petition for writ of habeas corpus, beginning with "the submission date of March 10, 2010 … and conclude[ing] with the Arizona Supreme Court denying review on July 20, 2011, with a Mandate on August 15, 2011." (Doc. 17, at 12, lns. 10-15). Petitioner's contention that he was misled by the state courts to forego an appeal from the denial of his state habeas petition in favor

- 18 -

of a petition for review, presented by Petitioner as a statutory tolling event (Doc. 17, at 8-10). is also construed by this Court as an argument in favor of equitable tolling.

Petitioner asserts that he filed his state petition for writ of habeas corpus in compliance with Rule 32, Arizona Rules of Criminal Procedure, because the Superior Court instructed Petitioner to submit his petition pursuant to criminal procedure. Though it appears that the state court clerk's office instructed Petitioner that his documents were not in proper format for filing because they were captioned incorrectly for Criminal Department filings and required a Pima County Superior Court case number, (Doc. 17, Ex. K), the state court did not advise or instruct Petitioner to file his documents, or more specifically his appeal, pursuant to Rule 32. Petitioner asserts further that the state court's acceptance of his petition, filed pursuant to Rule 32.2 further solidified "Petitioner's direction in the habeas petition that ... the habeas proceedings are under … Rule 32." (Doc. 17, at 9-10, lns. 25-1) While equitable tolling may be available in certain instances when a petitioner is *affirmatively misled* by the court, *see Ford v. Pliler*, 590 F.3d 782, 784 (9th Cir. 2009), Petitioner cannot meet his burden of demonstrating he was *affirmatively misled* by the court through acceptance by the clerk of court's office of documents *he submitted for filing*. If anything, the trial court dispelled the notion that Rule 32 applied to petitioner's proceedings, by noting that petitions for writ of habeas corpus were inappropriate methods for claims alleging denial of access to the courts, which should be brought by "special action seeking relief in the nature of a common law writ of mandamus." (*See* Ex. A at 5, Petition for Review, Doc. 14, Ex. Z).

Finally, the state trial court's granting Petitioner an extension of time in which to

file his petition for review to the Arizona Court of Appeals does not constitute an extraordinary circumstance justifying equitable tolling. Petitioner cannot fault the trial court for granting him an extension of time in which to file a petition for review that *he* requested, let alone can he claim he was thus affirmatively misled. The trial court, moreover, had no duty to advise or counsel Petitioner regarding the different procedural rules applicable to Rule 32 proceedings as opposed to state habeas corpus proceedings. The trial courts "have no obligation to act as counsel or paralegal to *pro se* litigants," *Pliler v. Ford*, 542 U.S. 225, 231 (2004), and "the Constitution [does not] require judges to take over chores for a *pro se* defendant that would normally be attended to by trained counsel as a matter of course," *McKaskle v. Wiggins*, 465 U.S. 168, 183–84 (1984). Explaining proper appeal procedures is normally a function of trained counsel. *See Ford*, 542 U.S. at 231 ("Explaining the details of federal habeas procedure and calculating statutes of limitations are tasks normally and properly prepared by trained counsel as a matter of course"). Nothing in the trial court's *affirmative* actions misled Petitioner, and the trial court was under no obligation to advise Petitioner that he was operating under a misapprehension of appellate procedure.

Finally, even if Baker had been misled by the trial court's consideration of the possibility that the petition was a Rule 32 petition, any such misunderstanding lasted only until the trial court construed the petition as a petition for special action and declined to accept jurisdiction and denied the petition on July 7, 2010. Even if the limitations period were tolled through this period, this would extend the limitations period to July 8, 2011, and Baker's federal petition would still be untimely.

1   Petitioner argues that he is entitled to equitable tolling because the destruction of

2   legal papers and effects proves cause for Petitioner's alleged procedural shortcomings.

3   (Doc. 17, at 10). Although a petitioner may be entitled to tolling if he is denied access to

4   legal papers despite his repeated requests for them, *see, e.g., Espinoza–Matthews v.*

5   *California*, 432 F.3d 1021, 1027–28 (9th Cir. 2005); *Lott v. Mueller*, 304 F.3d 918, 924–

6   25 (9th Cir. 2002), Petitioner's case is distinguishable. First, Petitioner has not attempted

7   to demonstrate a causal connection between his need for his legal property, and his

8   inability, had he been acting diligently, to file his federal petition on time. *See Waldron–*

9   *Ramsey v. Pacholke*, 556 F.3d 1008, 1013–14 (9th Cir. 2009) (affirming the denial of

10  equitable tolling, and stating, "[Petitioner] does not point to specific instances where he

11  needed a particular document, could not have kept that document within his permitted

12  three boxes had he been cooperative, and could not have procured that particular

13  document when needed"). The record demonstrates that Petitioner was aware of the

14  factual basis for the claims he raised, and, in fact, had attempted to raise several of these

15  claims throughout his state court proceedings. *See Ford*, 590 F.3d at 790 (affirming

16  district court's determination that petitioner was not entitled to equitable tolling based on

17  lack of access to his legal files because the record showed petitioner was aware of the

18  factual basis for his claims without the files); *cf. United States v. Battles*, 362 F.3d 1195,

19  1198 (9th Cir. 2004)(When claims are about happenings at the time of conviction,

20  "[s]urely due diligence requires that [petitioner] at least consult his own memory of the

21  trial proceedings. His decision not to do so does not bespeak due diligence.").

Inasmuch as Petitioner argues the loss of legal property is new evidence[10] Petitioner's documents demonstrate he has been aware of the loss of his legal property since its occurrence in 2005. Petitioner has never stated specifically what irreplaceable legal materials were destroyed that were necessary to file his federal habeas petition, nor has Petitioner indicated what steps he took to regain replaceable legal materials that were destroyed, for example attempting to replace affidavits, obtain copies of his legal records or transcripts, or conduct further legal research.

Petitioner has not met his burden of demonstrating that the destruction of his legal materials caused his untimely filing. Petitioner is not entitled to equitable tolling, and his federal habeas petition is untimely. He therefore is not entitled to habeas relief.

//

//

//

//

//

//

//

//

//

//

//

---

[10] It is not clear that Petitioner is making this argument, but it is suggested in the Reply, and by Petitioner's claims raised in his Petition.

## II.   RECOMMENDATION

This Court recommends that the District Court, after its independent review of the record, DISMISS this action in its entirety as untimely.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Fed.R.Civ.P. 72(b).

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived.

If objections are filed the parties should use the following case number: CV 11-0542-TUC-JGZ.

Dated this 27th day of April, 2012.

Bernardo P. Velasco
United States Magistrate Judge